**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 17-1564**

————————

MICHAEL D. MICHAEL, as the Administrator of the Estate of Jack D. Michael; JUDITH A. KUHN, as the Administratrix for the Estate of Paul F. Henderson et al.,

Plaintiffs - Appellants,

v.

CONSOLIDATION COAL COMPANY, a Delaware Company,

Defendant - Appellee,

and

ESTATE OF ALEX KOVARBASICH, By and through Albert F. Marano, Sheriff of Harrison County as administrator for the estates of Alex Kovarbasich,

Defendant.

————————

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:14-cv-00212-IMK-JES)

————————

Argued:  May 9, 2018                                    Decided:  July 24, 2019

————————

Before GREGORY, Chief Judge, and MOTZ and KEENAN, Circuit Judges.

————————

Affirmed by unpublished per curiam opinion.

————————

**ARGUED:** Scott Sumner Segal, SEGAL LAW FIRM, Charleston, West Virginia, for Appellants. William Henry Jernigan, DINSMORE & SHOHL LLP, Charleston, West Virginia, for Appellee. **ON BRIEF:** Timothy C. Bailey, BAILEY, JAVINS & CARTER, LC, Charleston, West Virginia; Mark A. Barney, BARNEY LAW PLLC, Hurricane, West Virginia; Samuel A. Hrko, BAILEY & GLASSER, LLP, Charleston, West Virginia; C. Paul Estep, Steven L. Shaffer, ESTEP & SHAFFER, LC, Kingwood, West Virginia, for Appellants. William E. Robinson, Alex M. Greenberg, Christopher M. Jones, DINSMORE & SHOHL LLP, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The facts and history of this case are set forth in this Court's prior opinion, *Michael v. Consolidation Coal Co.*, 744 F. App'x 152 (4th Cir. 2018). In that opinion, we certified two questions of law to the Supreme Court of Appeals of West Virginia (the West Virginia court), pursuant to the Uniform Certification of Questions of Law Act, West Virginia Code §§ 51-1A-1 through 51-1A-13. The West Virginia court accepted our request, and restated the first certified question as follows:

> Is a fraudulent concealment claim cognizable when the alleged injury was the plaintiffs' loss of a timely claim for wrongful death under West Virginia Code §§ 55-7-5, 55-7-6 (1967)?

*Michael v. Consol. Coal Co.*, ---S.E.2d---, 2019 WL 2414739, at *5 (W. Va. 2019).[*]

In their complaint, the plaintiffs, survivors of 78 miners killed in a mine explosion, alleged against Consolidation Coal Co. a single claim of "fraud, concealment and nondisclosure" based on the company's fraudulent concealment of the cause of the explosion. *Michael*, 744 F. App'x at 154. The plaintiffs alleged that this act of fraudulent concealment deprived them of their right to obtain relief under West Virginia's wrongful death statutes, West Virginia Code §§ 55-7-5, 55-7-6 (1967). *Id.* at 154-55. The district court dismissed the plaintiffs' complaint, holding that West Virginia did not

---

[*] Based on its answer to this question, the court declined to answer the second certified question regarding the applicability of West Virginia's "discovery rule" to the limitations period for a fraudulent concealment claim. *See Michael*, 2019 WL 2414739, at *3, 5, 10.

3

recognize a fraudulent concealment claim in this context and, even if the claim were cognizable, it was time-barred. *Id.* at 155. The plaintiffs appealed to this Court.

Upon review of the restated certified question, the West Virginia court held unequivocally that "no cause of action for fraudulent concealment exists" when the injury alleged is "the plaintiffs' loss of a timely claim for wrongful death under the West Virginia wrongful death statutes, [West Virginia] Code §§ 55-7-5 and 55-7-6." *Michael*, 2019 WL 2414739, at *9. The court further explained that, construed as a wrongful death claim, the plaintiffs' claim was barred by the two-year statute of limitations applicable at the time of the decedents' deaths. *Id.* at *8-9. The court declined to apply retroactively West Virginia precedent, decided decades after the explosion, which extended the limitations period for certain wrongful death claims. *Id.* at *9.

Applying these principles of law articulated by the West Virginia court, we hold that the district court properly dismissed the plaintiffs' complaint. We therefore affirm the district court's judgment.

*AFFIRMED*